UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAMIAN PAGE, | ) | |
| | ) | |
| Petitioner, | ) | 13 C 4298 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| KEITH ANGLIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Damian Page, a state prisoner, petitions for a writ of habeas corpus. Doc. 6. The Warden moved to dismiss the petition, arguing that Page failed to comply with the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1). Doc. 12. Page was given time to file a response. Doc. 15. The deadline for filing a response came and went without a word from Page. The Warden's motion is granted and the petition is dismissed.

On April 14, 2008, Page pleaded guilty to aggravated battery with a firearm, and on August 25, 2008, the state trial court sentenced him to a twelve-year prison term.[*] Page did not file a direct appeal. On July 20, 2010, Page filed a post-conviction petition in the state trial court. Doc. 13-3 at 79-115; *see People v. Saunders*, 633 N.E.2d 1340, 1342-43 (Ill. App. 1994) (holding that a prisoner is deemed to have filed his post-conviction petition on the date the petition was "placed in the mailing system of the incarcerating institution") (quoting *People v.*

---

[*] As the Warden observes, the record is inconsistent as to the date that Page was sentenced. The habeas petition, Doc. 6 at 1, the cover sheet of the sentencing hearing transcript, Doc. 13-5 at 2, and the state appellate court's order affirming the dismissal of Page's post-conviction petition, Doc. 13-1 at 4, list the sentencing date as August 25, 2008. However, the state trial court's commitment order, Doc. 13-3 at 72, the state court docket sheet, Doc. 13-2 at 7, and other portions of the sentencing hearing transcript, Doc. 13-5 at 3, 51, indicate that the sentencing took place on June 25, 2008. The Warden has adopted the later date, August 25, 2008, "to be as generous to petitioner as possible," Doc. 12 at 2 n.1, and this court does the same.

1

*Johnson*, 598 N.E.2d 276, 277 (Ill. 1992)); *Simms v. Acevedo*, 595 F.3d 774, 777 (7th Cir. 2010) (acknowledging "Illinois's mailbox rule"). The trial court denied the petition on September 3, 2010. Doc. 13-3 at 116-119. The Appellate Court of Illinois affirmed on June 11, 2012. Doc. 13-1. The Supreme Court of Illinois denied Page's petition for leave to appeal ("PLA") on September 26, 2012. *People v. Page*, 979 N.E.2d 885 (Ill. 2012) (Doc. 13-4). Page did not petition the Supreme Court of the United States for certiorari. Doc. 6 at 2. Page's habeas petition is deemed to have been filed on June 4, 2013, the date that he signed and "personally place[d] the petition … into the mail bag of Danville [Correctional Center's] housing unit." *Id*. at 45; *see Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999) ("for statute of limitations purposes, a [habeas] petition is deemed filed when given to the proper prison authorities and not when received by the district court clerk").

Because none of the circumstances set forth in § 2244(d)(1)(B)-(D) are present, the timeliness of Page's petition is governed by § 2244(d)(1)(A), which provides: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). Page did not file a direct appeal. His conviction therefore became final for § 2244(d)(1) purposes when the time for seeking direct review expired. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("Jimenez's conviction became final in 1996, when he failed to appeal."); *Graham v. Smelser*, 422 F. App'x 705, 707 (10th Cir. 2011) (holding that where the petitioner did not appeal his convictions or sentences, "the statute of limitations on [his] § 2254 petition began running on April 2, 2007, when the period for filing a timely direct

appeal expired"); *DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006) ("Since there was no timely-filed direct appeal, DiCenzi's sentence became final on July 30, 1999 [the expiration date for seeking a direct appeal]."); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003) ("Egerton did not file a direct appeal following his conviction on February 12, 1996, thus his conviction became final on March 13, 1996, when the time for seeking a direct appeal expired."); *Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001) ("Nara did not file a direct appeal, so his conviction and sentence were 'final' on August 13, 1984, when the time during which he could have appealed (30 days) lapsed."), *overruled on other grounds by Jenkins v. Superintendent of Laurel Highlands*, 704 F.3d 80, 88 (3d Cir. 2013).

Because Page pleaded guilty, Illinois Supreme Court Rule 604(d) gave him thirty days from his sentencing date of August 25, 2008, to take the steps (move to withdraw his plea or move to reconsider his sentence) necessary to file an appeal. *See* Ill. Sup. Ct. Rule 604(d) ("No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence … or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment."). The time for Page to initiate the direct review process expired on September 24, 2008; that is the date his conviction became final, and thus the date on which the one-year clock under § 2244(d)(1) commenced. *See Hernandez v. Hodge*, 2013 WL 389030, at *2 (N.D. Ill. Jan. 30, 2013) (holding that a conviction entered upon a guilty plea became final when the time expired for filing a motion pursuant to Rule 604(d)); *Wright v. Chandler*, 2010 WL 5244766, at *1 (N.D. Ill. Dec. 9, 2010) (same). Section 2244(d)(1)(A) gave Page until September 24, 2009 to file his habeas petition. *See Coker v. Chandler*, 2011 WL 116890, at *1 (N.D. Ill. Jan. 13, 2011) (holding that where the petitioner, who pleaded guilty, failed within

thirty days of being sentenced to take the steps necessary under Rule 604(d) to commence an appeal, "his conviction became final … after the thirty-day period had elapsed, on July 21, 1999," and "the limitations period under AEDPA ended one year later, on July 21, 2000"). Page did not file his petition until June 4, 2013, nearly four years too late.

Although Page eventually sought post-conviction relief in state court, his habeas petition is not saved by § 2244(d)(2), which tolls the statute of limitations during the pendency of "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2); *see Rice v. Bowen*, 264 F.3d 698, 701 (7th Cir. 2001) ("A petition for state post-conviction relief is properly filed for tolling purposes under 28 U.S.C. § 2244(d)(2) if it is delivered to, and accepted by, the appropriate court officer for placement in the official record, and its delivery and acceptance are in compliance with the applicable state laws and rules governing filings."). Page filed his post-conviction petition on July 20, 2010, several months after the deadline for filing a habeas petition had expired on September 24, 2009. Thus, even granting that Page's post-conviction petition was "properly filed" under Illinois law, that post-conviction petition could not toll an already-expired federal limitations period for filing his habeas petition. *See De Jesus*, 567 F.3d at 943 (rejecting the petitioner's argument that his state collateral attacks, which were brought after the expiration of the one-year limitations period for bringing a federal habeas petition, should "restart[] the federal time," reasoning that "a state proceeding that does not begin until the federal year has expired is irrelevant" and "[a]ny other approach would eliminate all federal time limits whenever a state does not have (or does not enforce) a time limit for collateral review: a state collateral proceeding, however belated and however unmeritorious, would reset the federal clock"); *Graham v. Borgen*, 483 F.3d 475, 482-83 (7th Cir. 2007) (holding that the petitioner's post-conviction petition "did nothing to toll the

federal habeas statute of limitations under 28 U.S.C. § 2244[(d)](2)" because the petitioner "did not have a properly filed application for collateral review pending at any time between the time when his judgment became final and [the deadline for filing his habeas petition]"); *Teas v. Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007) (same).

Equitable tolling is unavailable as well. A habeas petitioner may obtain equitable tolling of the § 2244(d)(1) limitations period "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). As the Seventh Circuit noted, equitable tolling "is granted sparingly only when extraordinary circumstances far beyond the litigant's control prevented timely filing." *Simms*, 595 F.3d at 781 (quoting *Wilson v. Battles*, 302 F.3d 745, 749 (7th Cir. 2002)); *see also Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) ("Equitable tolling is an extraordinary remedy and so is rarely granted.") (internal quotation marks omitted). "Petitioners bear the burden of proving that they qualify for equitable tolling." *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013).

Page has not met his burden here. The habeas petition does not set forth a basis for equitable tolling and, as noted above, Page did not respond to the Warden's motion to dismiss. Moreover, the circumstances of this case—where Page did not file a post-conviction petition until almost two years after his conviction became final, and then did not submit his federal habeas petition until several months after the state supreme court denied his post-conviction PLA—demonstrate that Page is not entitled to equitable tolling under the very strict standards imposed by the Supreme Court and the Seventh Circuit. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (denying equitable tolling where the petitioner "sat on [his rights] for five more months *after* his [state post-conviction] proceedings became final before deciding to seek relief

5

in federal court"); *Janssen v. Pugh*, 394 F. App'x 305, 306 (7th Cir. 2010) (denying equitable tolling where "even after the state proceedings had ended, [the petitioner] dallied for months before refiling his petition in federal court").

For these reasons, Page's habeas petition is dismissed on limitations grounds. Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability [('COA')] when it enters a final order adverse to the applicant." When a petition is dismissed as untimely, a certificate of appealability should issue only if reasonable jurists would find the petition's timeliness "debatable." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the untimeliness of Page's petition is not debatable, a certificate of appealability is denied. *See ibid*. ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

November 15, 2013

_____
United States District Judge